# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL METAL FUSION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Case No.:  2:18-cv-01180-LCB |
| v. | ) ) | |
| STEWARD MACHINE CO., INC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This is an action to remedy a contractual dispute. The case is before the Court on Defendant Steward Machine Co., Inc.'s motion to dismiss portions of Plaintiff International Metal Fusion Corporation's amended complaint. (Doc. 24-1). Plaintiff asserts six causes of action in its complaint: breach of contract (Count I) (Doc. 22, p. 7); collection for goods and benefits supplied (Count II) (*Id*. at 8); quantum meruit/unjust enrichment (Count III) (*Id*. at 9); money had and received (Count IV) (*Id*.); breach of the duty of good faith and fair dealing (Count V) (*Id*. at 10); and conversion (Count VI) (*Id*. at 11). Defendant asks the Court to dismiss Counts II-VI for failure to state a claim for which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 24-1, p. 1). Plaintiff originally filed this case in Jefferson County Circuit Court on June 25, 2018. (Doc. 1, p. 1).

Defendant removed the case to federal court on July 27, 2018, pursuant to 28 U.S.C. § 1332(a). (*Id*. at 4). For the reasons stated below, the Court finds that Defendant's motion is due to be granted in part and denied in part.

## I. BACKGROUND

### a. The Contractual Dispute

On August 22, 2016, Plaintiff submitted a proposal "to perform surface preparation" for steel and other component parts for Defendant, a steel vendor. (Doc. 22, p. 2). The initial total for the work order was $196,390. (*Id*.). Plaintiff claims that it discussed stipulations about the service with Defendant before work was set to begin. (*Id*.). These conditions included that Defendant would: provide Plaintiff an adequate workspace; pay Plaintiff a down payment for its services; and finish various tasks to ensure that the steel was prepared for Plaintiff's services. (*Id*.).

However, despite establishing these conditions, Defendant failed to have the steel prepared on the day for service. (*Id*. at 3). When the steel was ready, it was released "in piece meal fashion" and cost Plaintiff additional time and money for the project. (*Id*.). Additionally, Defendant did not provide an adequate workspace for it to perform, costing Plaintiff more money for having to accommodate for work outdoors. (*Id*. at 3-4). Finally, Defendant requested that Plaintiff perform work outside of the contract with the promise that it would be paid fairly after the job was completed. (*Id*. at 5). This work included things such as adding extra coats of paint

to Defendant's steel, moving the steel, removing the mill scale, and purchasing additional materials like "grit, grinding wheels, and fuel." *See* (*Id*. at 4-6). Plaintiff claims Defendant did not fully compensate Plaintiff for its services, the extra work provided, or purchase of additional materials. (*Id*. at 7). Therefore, Plaintiff asks the Court for monetary damages. (*Id*. at 11).

### b. The Purchase Order

One of Plaintiff's central allegations is that it should be compensated for work that was not written in the contract. In response, Defendant provides a copy of the Purchase Order to the Court to dispute that Plaintiff performed work that was outside of the scope of its responsibilities. *See* (Doc. 24-2). The Purchase Order details that the services were ordered on May 15, 2017, and was revised twice: first on August 9, 2017, and again on August 10, 2017. (*Id*. at 1). In part, the Purchase Order provides Plaintiff will "[f]urnish all labor, insurance and materials and perform surface preparation and metalizing in accordance with contract specifications at S.M.C. Plant #2 in Birmingham." (*Id*.). The contract also stipulates that Plaintiff would provide the following services including: "[c]ertified metalizing wire, equipment and supplies; [s]andblasting material and equipment to produce a profile suitable for metalizing; [and] [p]aint equipment." (*Id*.). The order also provides Plaintiff would remove the mill scale as part of its duties under the agreement. (*Id*. at 3). Plaintiff argues that the Purchase Order was not the controlling contract

between the parties but does not provide any other version of the agreement. (Doc. 28, p. 4).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 8(a)(2) mandates that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading does not have to include "detailed factual allegations" to survive. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a complaint cannot simply have "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

A defendant can move to dismiss a complaint when he believes it is deficient. Rule 12(b)(6) allows defendants to request that the court dismiss a case for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When reviewing a motion to dismiss, the court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Hunt v. Aimco Properties*, 814 F.3d 1213, 1221 (11th Cir. 2016). The court is not bound to accept the plaintiff's allegations as true if they are legal conclusions. *Iqbal*, 556 U.S. at 678. Moreover, when a party references documents that are essential to its claim, "the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal." *Brooks v. Blue Cross and Blue Shield of Fla*, *Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997).

## III.   DISCUSSION

### A. Count II – Collection for Goods and Benefits Supplied

Plaintiff claims that it should be entitled to recover under its theory of "collection of goods and benefits supplied" because it supplied goods and benefits to Defendant and expected compensation. (Doc. 28, p. 1). Defendant counters that Plaintiff cannot succeed on this claim as the Purchase Order required it to provide the disputed goods and services. (Doc. 34, p. 1). Plaintiff primarily relies on *Vinegar Bend Lumber Co*. *v. Soule Steam Feed Works*, 62 So. 279 (Ala. 1913), to support the contention that it can recover under this theory. In *Vinegar Bend*, the Supreme Court of Alabama held

> The rule in this state seems to be well established that when a seller of goods has performed, in full, his part of the contract of sale and has placed the purchaser in possession of the goods, and nothing remains to be done by either of the parties to the contract but the payment by the purchaser to the seller of

the price of the goods, then the seller may recover of the purchaser the purchase price of the goods under a common count for goods sold and delivered.

*Id*. at 281. Plaintiff's reliance on this principle from *Vinegar Bend* to support its theory of recovery is misguided. In its response to Defendant's motion to dismiss, Plaintiff recounts services allegedly outside of the scope of the agreement provided to Defendant, including painting, masking bolting surfaces of steel, and moving steel. (Doc. 28, p. 3). However, Plaintiff cannot succeed under its theory as the Court in *Vinegar Bend* made clear that to prevail "under a common count for goods sold and delivered," non-payment of *goods* must be at issue. Plaintiff principally claims Defendant did not pay for services it provided. (Doc. 22, p. 2). Any goods Plaintiff provided to Defendant were a necessary part of completing the services. *See BMC Indus., Inc., v. Barth Indus., Inc.*, 160 F.3d 1322, 1329 (11th Cir. 1998). Accordingly, Plaintiff cannot recover under its theory regarding services that it provided Defendant. Therefore, Count II is due to be dismissed.

## B. Count III – Quantum Meruit/Unjust Enrichment

Plaintiff next argues that it should be entitled to recover damages under the theory of quantum meruit or unjust enrichment for goods and benefits supplied to Defendant. (Doc. 22, p. 9). Plaintiff asserts it is entitled to plead this count as an "alternative ground[] for recovery." (Doc. 28, p. 4). Defendant claims that Plaintiff cannot prevail under this theory because an express agreement exists between the

parties, so recovery under an implied contract would be inappropriate. (Doc. 34, p. 4).

Federal Rule of Civil Procedure 8(d) allows a party to plead alternative and inconsistent claims. *See also United Tech. Corp.*, *v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009) ("Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims.") While Defendant protests that Plaintiff is not entitled to plead this count because an express contract exists between the two parties, the Federal Rules of Civil Procedure hold otherwise. Accordingly, dismissing this claim because it conflicts with Plaintiff's breach of contract allegation would be inappropriate. Therefore, Count III is not due to be dismissed.

### C. Count IV – Money Had and Received

Plaintiff continues to argue that it is entitled to damages under a theory of money had and received because it claims Defendant obtained and received money that belongs to Plaintiff. (Doc. 22, p. 10). Defendant argues that Plaintiff's claim cannot succeed as there is an express agreement between the parties. (Doc. 34, p. 7). Accordingly, Plaintiff would not be able to recover under an implied contract. (*Id*.).

This claim cannot be dismissed pursuant to the Court's reasoning in the above section. As Rule 8(d) of the Federal Rules of Civil Procedure allows a party to plead alternate and inconsistent claims at the start of litigation, dismissal of this claim is

inappropriate as well. Accordingly, Count IV is not due to be dismissed.

### D. Count V – Breach of Duty of Good Faith and Fair Dealing

Plaintiff also contends that it is entitled to damages because Defendant breached its duty of good faith and fair dealing by not fulfilling its contractual obligations. (Doc. 22, p. 10). Defendant counters that no independent cause of action exists if one breaches these duties. (Doc. 34, p. 8).

There is an implied duty of good faith and fair dealing in every contract under Alabama law. *Lloyd Noland Found., Inc. v. City of Fairfield Healthcare Auth.*, 837 So. 2d 253, 267 (Ala. 2002). *See also Sellers v. Head*, 73 So. 2d 747, 751 (Ala. 1954) (holding "[w]here a contract fails to specify all the duties and obligations intended to be assumed, the law will imply an agreement to do those things that according to reason and justice the parties should do in order to carry out the purpose for which the contract was made.") However, courts in Alabama have determined that a breach of these duties does not give a wronged party an independent avenue to recover damages. *See Tanner v. Church's Fried Chicken*, 582 So. 2d 449, 452 (Ala. 1991) (holding "[t]his Court has clearly and specifically held that a duty of good faith in connection with a contract is directive, not remedial, and that therefore an action will not lie for breach of such a duty.") *See also Gov't St. Lumber Co. v. AmSouth Bank, N.A.*, 553 So. 2d 68, 72 (the Court holding that there was no independent cause of action in Alabama for a breach of the duty of good faith and fair dealing).

Alabama law is clear that there is no separate remedy for breach of the duty of good faith and fair dealing. Plaintiff attempts to distinguish the case law that recognizes this principle, citing *Tidmore Oil Co. v. BP Oil Co./Gulf Prod. Div.*, 932 F.2d 1384 (11th Cir. 1991). In *Tidmore Oil*, the Court noted that "[t]here is a substantial question as to whether the implied covenant [of good faith and fair dealing] provides a basis for a cause of action under Alabama law." *Id.* at 1391. However, despite noting that a question may exist, the law derived from *Tanner* and *Gov't St. Lumber Co.* has not been overturned. As such, it is still the law that controls this issue. As there is no legal basis for Plaintiff's claim, Count V is dismissed.

### E. Count VI – Conversion

Finally, Plaintiff claims that it can recover damages under a theory of conversion as it alleges Defendant "wrongfully converted and detained" money and property that belonged to Plaintiff. (Doc. 22, p. 4). Specifically, it alleges Defendant profited off the steel serviced by Plaintiff but failed to pay. (*Id.* at 7, 11). Defendant claims that Plaintiff cannot succeed under this theory as this issue falls under breach of contract, not tort. (Doc. 34, p. 10).

Alabama courts have recognized that the "line of distinction between actions in tort and contract is thin and often nebulous in many instances." *Hamner v. Mut. of Omaha Ins. Co.*, 270 So. 2d 87, 90 (Ala. Civ. App. 1972). While it is difficult to make the distinction in some cases, a basic principle derived from the courts is "if

there is failure or refusal to perform a promise the action is in contract; if there is a negligent performance of a contractual duty or negligent breach of a duty implied by law…the action may be either in contract or tort." *Id*. *See U.S. Bank Nat'l Ass'n v. Shepherd*, 202 So. 3d 302, 314 (Ala. 2015) (finding "the proper avenue for seeking redress when contractual duties are breached is a breach-of-contract claim, not a wantonness claim.")

Here, Plaintiff has plausibly alleged that Defendant has failed to perform some of its contractual obligations. (Doc. 22, p. 7). However, Plaintiff cannot assert a theory of recovery under tort law because of Defendant's alleged failure to pay Plaintiff for its services. Plaintiff asserts that Defendant has converted its money and property because it "received compensation and payment for the steel supplied by [Defendant] but has kept that compensation and not in turn paid [Plaintiff]." (*Id*.). This allegation relates to Defendant's failure to perform its obligation to pay Plaintiff, which means "the action is in contract," not tort. *Hamner*, 270 So. 2d at 90.

The case Plaintiff uses to support its claim for conversion, *Greene Cty. Bd. of Educ. v. Bailey*, 586 So. 2d 893 (Ala. 1991), is not on point. The Court in that case found that the plaintiff's conversion allegation could survive a motion to dismiss as it had adequately described tortious conduct, i.e. alleging defendants were part of an elaborate "scheme involving bogus invoices and checks and money orders." *Id*. at

899. Furthermore, the Court held that while a cause of action typically does not exist for conversion of money, a conversion claim may be appropriate "if the money at issue is capable of identification." *Greene Cty. Bd. of Educ.*, 586 So. 2d at 898. For example, money was sufficiently identified in a conversion claim when it was "directly traceable to a special account." *Id.* at 899. Plaintiff has not plausibly alleged tortious behavior or that the money it claims was converted can be specifically identified. As Plaintiff cannot recover under a conversion action, Count VI is dismissed.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's motion to dismiss Counts II, V, and VI of the Amended Complaint (Doc. 22) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's motion to dismiss Counts III and IV of the Amended Complaint (Doc. 22) is **DENIED**.

IT IS FURTHER ORDERED that a telephonic status conference is set for April 2, 2020 at 10:30 a.m.

**DONE** and **ORDERED** this March 12, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE